Per Curiam.
The fact of the infancy of Thomas Grover is at issue upon the record, and this issue has been submitted to a jury for their determination. We cannot say the fact has been fully proved, perhaps the jury may be of opinion the proof is insufficient, and we cannot anticipate their judgment. This obligor is both a party to the suit and interested in its event until acquitted by a verdict; and there is no principle of law to warrant his admission as a witness. He must be rejected.
%d The Counsel for the plaintiff then moved the Court, that the evidence of Mary Mount which had been given to prove the age of Thomas Grover might be overruled, a'ftd the jury directed to throw it entirely from their consideration.
The witness had sworn the defendant was born within a few days or weeks of her own son, and to prove her son’s age she produced a paper which she said contained a copy of an entry of his birth made in the family bible: this copy had been made by her daughter, in her presence, and compared *459 and found correct by herself. The bible referred to contained entries of the births of the other members of the family, and was eoi>sklered by them all as containing correct statements. Upon her cross examination, she stated she had no precise or ¡¡articular recollection of the year, or month, in which her SOD was born, but grounded her belief wholly upon the entry in the bible, which she believed was a true entry.
'The counsel for plaintiff contended, that the bible itself was the best evidence to prove the age of defendant, and in fact the only evidence, as the witness did not pretend she had any recollection of the date herself, but her testimony was founded altogether upon her belief in the authenticity of the bible. Sworn copies of original papers were admissible only in cases where the originals were lost, or in the hands of the adverse party who liad refused to produce them; or in the case of publick records or court documents, the originals of which, were not removable; — -or in some particular cases under special statutes, and that the case before the court came within none of these principles. y
Per Curiam.
The evidence was improperly admitted. The testimony of the witness does hot amount to proof of the fact of infancy. It goes merely to establish a collateral point, that a certain entry has been made in a particular book» which entry proves the fact in issue. The book itself is therefore the only evidence to this point» unless the witness, can speak from her own knowledge. Doe Ex-dem. Church & al v. Perkins et al. 3 T. R. 749. is express upon this point. The jury therefore are to pay no maimer of attention to what this witness has said upon this point, and there is no other testimony to exonerate Grover by showing him to he an in-lank
Verdict for the plaintiff